J-S47002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID C. KLING, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRIAN V. COLEMAN, COMMONWEALTH OF PENNSYLVANIA, AND JUDGE THOMAS H. KELLEY, VI, | |
| Appellees | No. 2126 MDA 2015 |

Appeal from the Order April 28, 2015
In the Court of Common Pleas of York County
Civil Division at No(s): 2015-SU-001440-49

BEFORE:  SHOGAN, LAZARUS, and JENKINS, JJ.

JUDGMENT ORDER BY SHOGAN, J.:          **FILED SEPTEMBER 19, 2016**

Appellant, David C. Kling, appeals *pro se* from the April 28, 2015 order denying his Petition for Writ of *Habeas Corpus* filed on April 24, 2015.  We vacate the order and remand.

Appellant was convicted by a jury of three counts of terroristic threats, two counts each of aggravated assault, theft by unlawful taking, and criminal attempt arson, and one count each of recklessly endangering another person and criminal mischief on April 10, 2008.  The trial court imposed an aggregate sentence of seventeen to thirty-four years of imprisonment on June 13, 2008.  Following the partial grant of Appellant's post-sentence motion on August 29, 2008, the trial court again imposed an aggregate sentence of seventeen to thirty-four years in prison.  This Court

affirmed the judgment of sentence, **Commonwealth v. Kling**, 988 A.2d 722, 1705 MDA 2008 (Pa. Super. filed November 18, 2009) (unpublished memorandum), and our Supreme Court denied review, 20 A.3d 1210, 107 MAL 2011 (Pa. filed May 3, 2010).[1]

Appellant filed the instant *pro se* Petition for Writ of *Habeas Corpus* on April 24, 2015, in the York County Court of Common Pleas Civil Division, which the court denied on April 28, 2015, without explanation.[2] On May 18, 2015, Appellant appealed that order to the Commonwealth Court. Docket Entry 1. On May 28, 2015, the common pleas court directed the filing of a Pa.R.A.P. 1925(b) statement. When the Rule 1925(b) statement was not forthcoming, the common pleas court filed a Pa.R.A.P. 1925(a) opinion on June 30, 2015, noting that it was unable to discern the reasons for the appeal. Subsequently, the common pleas court filed the following "Pa.R.A.P. 1925(a) Memorandum Opinion" on September 23, 2015:

> *Pro se* Appellant David C. Kling has appealed the Order of the Court dated and docketed April 28, 2015. Notice of the

---

[1] The Commonwealth asserts in its brief that thereafter, Appellant filed: 1) a timely petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546 on March 28, 2011, that was denied on November 22, 2011, following a hearing, and 2) an appeal to this Court that he ultimately withdrew on June 12, 2012. Commonwealth's Brief at 6. We are unable to verify these facts due to the incomplete record certified to us on appeal.

[2] The Commonwealth also avers that Appellant simultaneously asserted the same claims in both the civil and criminal divisions of the court of common pleas "resulting in a procedural morass." Commonwealth's Brief at 6 n.5.

appeal was received by this [c]ourt on May 18, 2015. This [c]ourt thereafter ordered Appellant to file a Concise Statement of Matters Complained of on Appeal by its Order dated May 26, 2015, and docketed May 28, 2015. No statement was filed by Appellant. However, the Commonwealth Court received a copy of the statement with a certificate of service upon the [c]ourt and has remanded the case to the [c]ourt to determine whether a concise statement was properly filed and sent to the [c]ourt.

A similar case to the present case was recently before the Superior Court. The Superior Court determined that the trial court must treat these type of cases as PCRA cases. The Court therefore believes that remand of the case to the trial court for the purposes of assigning this case to a criminal judge and holding a PCRA hearing would be appropriate.

Trial Court Opinion, 9/23/15, at unnumbered 1–2.[3]

Also on November 12, 2015, the Commonwealth Court, concluding it lacked jurisdiction pursuant to 42 Pa.C.S. § 761(a)(1) and § 762 over Appellant's appeal from the April 28, 2015 order of the York County Court of Common Pleas denying Appellant's Petition for Writ of *Habeas Corpus*, transferred the appeal to this Court. *See Woodens v. Glunt*, 96 A.3d 365, 370 n.5 (Pa. Super. 2014) (42 Pa.C.S. § 762, which sets forth the exclusive

_____

[3] Again, through assertions in the Commonwealth's brief and attachments to Appellant's brief, matters that we cannot verify but include here to provide context, it appears that the common pleas court transferred Appellant's Petition for Writ of *Habeas Corpus* to the criminal division by order filed on October 14, 2015. Appellant filed a notice of appeal to that order. The common pleas court directed Appellant to comply with Pa.R.A.P. 1925 by order filed October 20, 2015, but it vacated the order the same day. The Commonwealth Court vacated these orders on November 12, 2015, determining that the common pleas court was without jurisdiction to proceed in the matter because the appeal remained pending in the Commonwealth Court. Memorandum and Order, 11/12/15, at unnumbered 1–2.

appellate jurisdiction of the Commonwealth Court, specifically excludes "applications for a writ of *habeas corpus* or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court."), *appeal denied*, 101 A.3d 787 (Pa. 2014). Due to the procedural morass created herein, the incomplete state of the record certified to us on appeal, the trial court's failure to provide any explanation for its April 28, 2015 denial of Appellant's Petition for Writ of *Habeas Corpus*, and the trial court's request for a remand, we are compelled to remand this case.

April 28, 2015 order vacated. Case remanded with directions to assign the case to a criminal division judge for consideration of the Petition for Writ of *Habeas Corpus* filed by Appellant on April 24, 2015, as a petition for relief filed pursuant to the PCRA. Jurisdiction relinquished.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2016

---

[4] Appellant's Applications for Relief filed March 14, 2016, March 31, 2016, April 8, 2016, and June 29, 2016, are denied as moot.